IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL ALAN CHRISMAN,            )
                                  )
            Petitioner,           )
                                  )
v.                                )     No. CIV-04-1226-L
                                  )
MIKE MULLINS,                     )
                                  )
            Respondent.           )

## **O R D E R**

On February 22, 2002, petitioner pled *nolo contendere* to a charge of first degree burglary after former conviction of a felony.  Pursuant to the parties' plea agreement, petitioner was sentenced to 10 years imprisonment and the state trial judge recommended petitioner participate in the Drug Offender Work Camp. Petitioner's Hearing Exhibit 49 at 1.  Due to the nature of petitioner's offense, he was required to serve not less than 85 percent of his term of imprisonment before he would be eligible for parole.  See 21 O.S. § 13.1(12).

On March 1, 2002, trial counsel for petitioner, Charles Henry, filed an Application to Withdraw Plea of Guilty.  Respondent's Hearing Exhibit 35 at 36-37. As grounds for the application, counsel stated "Defendant wishes to withdraw his plea because he feels he was coerced and was refused his right to a speedy trial." Id. at 36.  On March 11, 2002, petitioner filed a pro se motion to withdraw his no-

contest plea. Id. at 52-54. In his pro se motion, petitioner presented three grounds for relief:

> 1.) The Defendant was coerced into Signing the Plea due to Charles Henry Manipulating his position as the Defendants Attorney to the benefit of the prosecution.
>
> 2.) The Defendant had a Misconception of certain Contents in which the plea Consisted of.
>
> 3.) The Defendant was under extreme pressure due to Circumstances directly/Indirectly relating to the charge at the time the Plea Agreement was made.

Id. at 53. On March 20, 2002,[1] the state trial court judge held a hearing on petitioner's motion to withdraw his plea. Petitioner was represented at this hearing by Anthony McKesson.[2] Petitioner's Hearing Exhibit 53. After hearing testimony from petitioner and his former counsel, Mr. Henry, the court denied petitioner's application to withdraw his plea. Id. at 15-16. Petitioner appealed to the Oklahoma Court of Criminal Appeals, which affirmed the district court's judgment and sentence. Relevant State Court Records at Exhibit 2. On appeal, petitioner charged that his plea was not knowing and voluntary because he lacked knowledge of his possible sentence. The Court of Criminal Appeals, however, found "the plea was knowingly and voluntarily entered and the trial court did not abuse its discretion overruling the

---

[1]The parties' stipulation incorrectly indicates this hearing was held on May 20, 2002. See Joint Stipulations at 3 (Doc. No. 41).

[2]At the time, Messrs. Henry and McKesson were both employed by the Oklahoma County Public Defender's Office.

motion to withdraw plea." Id. at 2.  Petitioner's state court applications for post-conviction relief were likewise rebuffed.  Relevant State Court Records at Exhibits 4, 5.

On September 29, 2004, petitioner sought habeas relief in this court.  In his federal habeas petition, petitioner presents four grounds for relief.  First, he argues Mr. Henry was ineffective in presenting the motion to withdraw plea; he claims Mr. Henry should have asserted that petitioner would not have entered the plea but for Mr. Henry's erroneous advice with respect to the 85 percent rule.  Second, petitioner claims the plea was not voluntary due to Mr. Henry's incorrect sentencing advice.  Third, petitioner claims Mr. McKesson was ineffective because he failed to amend the motion to withdraw to assert the erroneous advice claim.  Finally, petitioner argues the no-contest plea is void because the trial court did not conduct an adequate inquiry into the voluntariness of the plea.

Pursuant to 28 U.S.C. § 636, this matter was referred to the Honorable Robert E. Bacharach for initial decision.  On December 30, 2004, Judge Bacharach issued an Order declaring an evidentiary hearing on all of petitioner's claims was required. Chrisman v. Mullins, Case No. CIV-04-1226-L, order at 21(W.D. Okla. Dec. 30, 2004) (Doc. No. 17).  Judge Bacharach directed the parties to "specifically address the following evidentiary issues: (1) whether Mr. Henry had told Mr. Chrisman that if he pled guilty, he would not have to serve 85% of his sentence; and if the Court answers in the affirmative, (2) when Mr. Chrisman relayed this information to Mr.

McKesson and the reasonableness of the latter's investigation into the grounds for withdrawal of the plea and potential amendment of the motion drafted by Mr. Henry." Id.  The evidentiary hearing was conducted over a two-day period beginning on July 12, 2005.

On October 18, 2005, Judge Bacharach issued Proposed Findings of Fact and Conclusions of Law.  He recommended finding petitioner's claims invalid and denying the request for habeas relief.  Specifically, Judge Bacharach found petitioner "was not told by his attorneys that Oklahoma's 85% rule was inapplicable" and "Mr. Henry did not tell Mr. Chrisman or imply that he would likely make parole within the first 8½ years of the sentence." Chrisman v. Mullins, Case No. 04-1226-L, Proposed Findings of Fact and Conclusions of Law at 2 (W.D. Okla. Oct. 18, 2005) (Doc. No. 49) [hereinafter cited as "Proposed Findings"].  Petitioner objects to the Proposed Findings, reiterating the arguments he made before Judge Bacharach.

Pursuant to 28 U.S.C. § 636(b)(1), the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  In the Proposed Findings, Judge Bacharach correctly articulated the standards governing review.  With respect to petitioner's claim that Mr. Henry provided ineffective assistance, the court must exercise its "independent judgment". LeFevers v. Gibson, 182 F.3d 705, 711 (10th Cir. 1999).  The remaining claims are subject to a more deferential standard of review; petitioner is entitled to habeas relief only if he can establish that the Court

of Criminal Appeals' determination of his claims was contrary to or an unreasonable application of clearly established Supreme Court precedent or was an unreasonable determination of the facts in light of the evidence.  *See* 28 U.S.C. § 2254(d).

In accordance with the mandate of 28 U.S.C. § 636, the court has performed an exhaustive review of the state court record, petitioner's objections, and this court's case file.  Based on its review of the entire record, including the evidence adduced at the evidentiary hearing, the court concludes the Petition for Writ of Habeas Corpus must be denied.  The court approves and adopts Judge Bacharach's cogent and thorough analysis, with the exception of certain minor typographical errors.[3]  Nothing in petitioner's objections convinces the court that Judge Bacharach's analysis is in error or that habeas relief should be granted.  Based on its independent review of the evidence, the court would make the same findings of

---

[3]The Proposed Findings reflect that petitioner entered his no-contest plea on February 22, 2005.  Proposed Findings at 1.  The correct date is February 22, 2002.  Likewise, on pages 18-19 certain words and phrases are out of order.  The paragraph that begins on page 19 of the Proposed Findings is corrected to read:

> Mr. Chrisman contends that the form does not reflect disclosure of the need to serve 85% of his sentence before he would become eligible for parole.  Brief in Support of Habeas Corpus at p. 11 (Sept. 29, 2004).  But as discussed above, the plea would have remained valid even if Mr. Chrisman had not been told of the restriction on parole eligibility.  *See supra* pp. 5-6.  The state appellate court reviewed the record at the plea proceedings and an evidentiary hearing on the motion for leave to withdraw the plea, concluding that the plea was voluntary.  Summary Opinion Denying Certiorari, *Chrisman v. State of Oklahoma*, Case No. C-2002-412, slip op. at 2 (Okla. Crim. App. Mar. 25, 2003) (unpublished op.).  This conclusion was not contrary to or an unreasonable application of Supreme Court precedent, and the Court should reject Mr. Chrisman's habeas claim.

fact and reach the same conclusions of law as those reflected in the Proposed Findings.

In sum, with the exceptions noted above, the court approves and adopts the Proposed Findings of Fact and Conclusions of Law.  The Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. No. 1) is DENIED.  In accordance with LCvR 26.1(c), counsel are directed to withdraw and retain custody of all exhibits introduced into evidence during the July 2005 evidentiary hearing.  Judgment denying the Petition will issue accordingly.

It is so ordered this 26th day of April, 2006.

*Tim Leonard*
TIM LEONARD
United States District Judge